United States District Court

District of Massachusetts

|  |  |
|---|---|
| Wilson Adao de Araujo,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>Kristi Noem, et al.,<br><br>　　　Respondents. | Civil Action No.<br>25-13439-NMG |

MEMORANDUM & ORDER

GORTON, J.

Wilson Adao de Araujo ("petitioner" or "de Araujo") filed this petition for writ of habeas corpus, alleging that Kristi Noem and other named respondents (collectively, "respondents") have wrongfully detained him without a bond hearing pursuant to 8 U.S.C. §1225(b)(2). He claims he is entitled to a bond hearing under 8 U.S.C. §1226. Respondents rejoin that petitioner is lawfully detained under 8 U.S.C. §1231(a)(5). For the reasons that follow, petitioner's motion will be **DENIED**.

I.   Facts

The accounts of petitioner's immigration history proffered by the parties are inconsistent. Both agree that petitioner is a native of Brazil and was apprehended by U.S. Border Patrol

- 1 -

("USBP") shortly after unlawfully entering the United States at the southern border in January, 2023. That is the extent of the immigration history provided in de Araujo's petition.

The government declares that de Araujo did not include all relevant history in his petition and that the 2023 immigration was not his first unlawful entry into the United States. According to the government, in 2014, petitioner applied for admission at Miami International Airport. He did not possess a valid entry document and expressed no fear of being returned to Brazil.

U.S. Customs and Border Protection ("CBP") determined that he was inadmissible pursuant to 8 U.S.C. §1182(a)(7)(A)(i)(I) and removed him from the United States pursuant to 8 U.S.C. §1225(b)(1). Petitioner was notified that he was prohibited from seeking entry into the United States for five years and that after five years, should he seek to return to the U.S., he must request and obtain permission from the Secretary of Homeland Security. Petitioner was given an alien number during that process.

According to the government, when USBP apprehended petitioner in January, 2023, it was unaware of his prior deportation and issued him a second alien number. He was given a Notice to Appear, which was filed in the Boston Immigration Court in March, 2023.

In November, 2025, ICE again arrested petitioner after determining that he was incorrectly issued a second alien number and served with the Notice to Appear. He was then served with a Form I-871, Notice of Intent/Decision to Reinstate Prior Order [of Removal] under his first alien number pursuant to 8 U.S.C. §1231(a)(5).

## II. Legal Standard

Non-citizens who unlawfully reenter the country after previously being removed are subject to expedited removal pursuant to 8 U.S.C. §1231(a)(5). The prior order of removal is reinstated as of its original date and may not be reopened or reviewed. G.P. v. Garland, 103 F.4th 898, 900 (1st Cir. 2024). The government must effectuate that removal within 90 days, during which time the non-citizen's detention is mandatory. Detention may be extended beyond 90 days in certain circumstances. 8 U.S.C. §1231(a)(6). The detainee is not entitled to a bond hearing.

While 8 U.S.C. §1231(a)(5) applies to non-citizens who have already received a deportation order, 8 U.S.C. §1226 governs the arrest and detention of non-citizens pending a decision on removal. The government may detain an alien, release him on bond or release him on conditional parole, and the alien may request a bond hearing by an immigration judge at any point before a final order of removal is issued.

### III. Analysis

Upon consideration of the additional details of petitioner's immigration history provided by the government, it is clear to the Court that petitioner is being lawfully detained under 8 U.S.C. §1231(a)(5) and is not entitled to a bond hearing. The 90-day removal period has not expired, and even if it had, the government could continue to detain petitioner if appropriate under 8 U.S.C. §1231(a)(6). The Court declines to address petitioner's constitutional and statutory arguments which are premised on the incorrect assumption that petitioner is subject to 8 U.S.C. §1226.

### ORDER

For the foregoing reasons, de Araujo's petition for writ of habeas corpus (Docket No. 1) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: December 23, 2025